FILED

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

_Jacksonville_ Division

2017 JUL 25  AM 7: 40

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

### CIVIL RIGHTS COMPLAINT FORM

_Michael Lambrix, DOC# 482053,_

_Plaintiff_

CASE NUMBER: 3:17-CV-848-J-39MCR
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison
number, if applicable)

_Demand For Jury Trial_

v.

_Julie Jones, Secretary, Florida Dept of Corrections; Thomas Reimers, Director of Health Services,_
_FDOC, Barry Reddish, Warden, Florida State Prison, Jeffrey McClellan, Asst Warden/ ADA Coordinator, FSP,_
_S. Alvarez, Chief Medical Officer, FSP; Corizon (private contractor) and Centurion of Florida, LLC (pri-_
_vate contractor); Each individually and in their respective official capacity;_

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

_____/

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.  PLACE OF PRESENT CONFINEMENT: _Florida State Prison_
                                  (Indicate the name and location)

_____

II.  DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
     THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✱) No (  )

     [If your answer is YES, after reviewing the exhaustion requirements, answer the following
     questions]

DC 225 (Rev. 9/03)                          1

**EXHAUSTION OF ADMINISTRATIVE REMEDIES:** Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

**EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:**

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (X) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes (X) No ( )

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (X) No ( )

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. <u>Informal Grievance</u> (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes (  ) No (✗) (See Footnote)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes (  ) No (✗)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes (✗) No (  )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✗) No (  )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___01___ day of ___August___, 2017___.

_____
Signature of Plaintiff

*Footnote: All Matters at issue involve Medical/ADA issues. Under applicable FDOC rules, no DC3-005 Informal Grievance is required for Medical/ADA grievances

III.    DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes ( ) No (✗)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail?  Yes ( ) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure?  Yes ( ) No ( )

C.   If your answer is YES:

   1.   What steps did you take? _____

      _____

   2.   What were the results? _____

      _____

   3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.   If your answer is NO, explain why not: _____

   _____


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __18th__ day of ___July_____, 2017_____.

_____

Signature of Plaintiff

IV.   **PREVIOUS LAWSUITS**:

A.   Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (⊛) No ( )

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (⊛) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below.  If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): Michael Lambrix

Defendant(s): Warden J. Singer, F.S.P., et. al.

2.   Court (if federal court, name the district; if state court, name the county): United States District Court, Middle District of Florida, Jacksonville Division

3.   Docket Number: 3:11-cv-780-J-32TEM

4.   Name of judge: (unknown)

5.   Briefly describe the facts and basis of the lawsuit: Same medical/ADA issues presented herein (abbriviated in informal correspondence to the court)

6.   Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?): Dismissal without prejudice, with instructions to submit formal civil action upon proof of exhaustion and declaration of indigency

7.   Approximate filing date: July, 2011

8.   Approximate disposition date: August, 2011

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?  If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

1) Plaintiff's  Michael Lambrix

Defendant's  James Crosby, Sgt. Bergman, C.O.I Walker, and C.O.I J. Hall
et al

2) Court (if Federal court name the District, if state court name the county):
United States District Court, Middle District of Florida, Jacksonville division

3) Docket Number:  3:00-cv-674-J-21c

4) Name of Judge:  (unknown- dont remember)

5) Briefly describe the facts and basis of the lawsuit: Plaintiff was one of approx.
157 inmates physically assaulted at ESP in 1998-99, as documented in Valdes
V Crosby 45 F.3d. 1231 (11th Cir. 2006). 8th and 14th Amendment claim

6) Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
Defendants counsel negotiated and plaintiff accepted monetary settlement
on agreement of dismissal without prejudice

7) Approximate Filing Date:  early 2000

8) Approximate Disposition Date:  early 2003 (?)

― ― ― ― ― ― ― ― ― ― ― ―

1) Parties to previous actions:

Plaintiffs:  Michael Lambrix

Defendants:  FDOC Secretary R. Dugger, UCI Warden, Cpt. D. Anderson, C.O.II
Norman Granville, Sgt. Martin, Sgt. Hopkins, et al.

2) Court (if federal court, name the district, if state court name the county):
United States District Court, Middle District of Florida, Jacksonville division

3) Docket Number:

4) Name the Judge:  (unknown - cannot recall)

5) Briefly describe the facts and basis of the lawsuits: Unprovoked physical

5 (b)

assault by Sgt. N. Gonzalli, with other defendants witnessing, but failed to intervene. 8th and 14th Amendment claim

6) Disposition (was the case dismissed? Was it appealed? Is it still pending?) Following discovery, Plaintiff agreed to accept a Monetary settlement with stipulation of Mutual voluntary dismissal without prejudice

7) Approximate Filing Date: 1995

8) Approximate Disposition Date: 2003

---

1) Plaintiffs: Michael Lambrix, Robert Tiftekriker and Amos King

Defendants: Harry Singletary, FDOC Secretary, Tom Barton, FSP Warden and Governor Lawton Chiles

2) Court: (if federal court name the district; if State court, name the county) United States District Court, Middle District of Florida, Jacksonville division

3) Docket Number: 89-840-Civ-J-20

4) Name of Judge: Howard Silsinger (?) and Susan Black

5) Briefly describe the facts and basis of the lawsuit 8th and 14th Amendment claim challenging "totality of conditions" of segregated confinement at Florida State Prison, specifically "death row" conditions of confinement.

6) Disposition: Primary claims rendered Moot by construction of new "death row" unit at Union Correctional in 1992. Remaining issues dismissed by summary judgement. Plaintiffs appealed to 11th Cir. which affirmed. (per curium table decision)

7) Approximate Filing Date: mid-1989

8) Approximate Disposition Date: 1996

5 (c)

1) Parties to previous lawsuit:

Plaintiff(s)    Michael Lambrix

Defendants:    R. Dugger, FDOC Secretary, Tom Barton, FSP Supt., T. Kays, and S. Saunders, et al.

2) Court:    United States District Court, Middle District of Florida, (Jacksonville Div)

3) Docket Number   88-124-CIV-J-16

4) Name of Judge:   unknown - cannot recall

5) Briefly Describe the facts and basis for lawsuit: Alleged violation of Due Process by subjection to unfounded and retaliatory disciplinary action and denial of procedural due process

6) Disposition:   Court imposed filing fee - was unable to pay within time frame dismissed without prejudice - refiled in state court and amicably settled between parties

7) Approximate date of filing:   March 1988

8) Approximate date of disposition:   June 1988


1) Parties to previous lawsuits:

Plaintiff:    Michael Lambrix

Defendants:    Elaine Pittman, prison psychologist (FSP)

2) Court:    United States District Court, Middle District of Florida, Jacksonville division

3) Docket Number   87-928-CIV-J-16

4) Name of Judge:   unknown - cannot recall

5) Briefly Describe the facts and basis for lawsuit: Claims of 8th and 14th Amend. violations for falsifying records with erroneous information subsequently used at capital clemency

6) Disposition:    After FDOC removed psychologist Pittman from "death row" work, and agreed to remove erroneous information, parties agreed to mutual dismissal w/o prejudice

7) Approximate date of filing:   1987

8) Approximate date of disposition:   1988


5 (c)

1) Parties to previous lawsuit:

    Plaintiff(s) ___ Michael Lambrix _____

    Defendants(s) ___ R. Dugger, T. Barton, T. Keys, S. Saunders, C.K. Davis and C.D. McRuren ___

2) Court: ___ 2nd Judicial Circuit, Leon County state of Florida ___

3) Docket Number: ___ 88-1667 _____

4) Name of Judge ___ George S. Reynolds _____

5) Briefly describe the facts and basis for lawsuit: Alleged violation of due process by subjection to unfounded/fabricated disciplinary action and denial of proper disciplinary hearing

6) Disposition: Initially dismissed for failure to state cause of action; successfully appealed to First DCA, remanded for trial > mutually settled/resolved between parties at pretrial

7) Approximate date of filing: ___ August 1988 ___

8) Approximate date of disposition: ___ early 1990 ___


1) Parties to previous lawsuit:

    Plaintiff(s) ___ Michael Lambrix _____

    Defendant(s) ___ H. Singletary, T. Barton, L.E. Turner, H.R. Combs, S. Saunders, S. Thompson, R. Rucker

2) Court: (originally filed in US Dist Ct, N.D > transferred to US Dist Ct, Middle Dist. (Jacksonville)

3) Docket Number: (US D.Ct, N.D *TCA-91-40286-MMP) (US D.Ct, M.D, Jax Case# 92-95-Civ-J-16

4) Name of Judge: ___ Moore ___

5) Briefly describe the facts and basis for lawsuit: deliberate retaliation after plaintiff compelled investigation into death of inmate George Smith (by fabricated disciplinary action)

6) Disposition: after transfer to US Dist Ct M.D. (Jax) summarily dismissed for failure to provide corroborating evidence - without prejudice and instructions to refile.

7) Approximate date of filing: ___ September 1991 ___

8) Approximate date of disposition: ___ January 1992 ___

1) Parties to previous lawsuit:

    Plaintiff(s)   Michael Lambrix

    Defendants)  R.Dugger, T.Barton, T.Kay, S.P. Rucker, W.W. Hopkins, G.Holdman, H. Aruith, K. Thomson

2) Court:  Second Judicial Circuit, Leon County, State of Florida

3) Docket Number:  88-3717

4) Name of Judge:  George Reynolds, III

5) Briefly describe the facts and basis for lawsuit: Subjection to unfounded/retaliatory disciplinary action and denial of procedural due process at disciplinary hearing

6) Disposition: originally dismissed for failure to state cause of action; successfully appealed and remanded for trial by First DCA, eventually settled between parties and dismissed without prejudice

7) Approximate date of filing: November 1988

8) Approximate date of disposition: June 1992 (?)


1) Parties to previous lawsuit:

    Plaintiffs:  Michael Lambrix

    Defendants:  H. Singletary, T. Barton, P. Decker and L.E. Turner

2) Court:  Second Judicial Circuit, Leon County Circuit Court, State of Florida

3) Docket Number:  91-2058

4) Name of Judge:  (Unknown - cannot recall)

5) Briefly describe the facts and basis for lawsuit: unlawful confiscation of legal materials, denial of access to courts, deliberate deprivation of adequate legal materials.

6) Disposition: originally dismissed (failure to state cause), but successfully appealed and remanded to trial court. Defendants agreed to remedy problem and eventually dismissed w/o prejudice

7) Approximate date of filing:  March 1991

8) Approximate date of disposition:  1992

1) Parties to previous lawsuits

    Plaintiff(s)    Michael Lambrix

    Defendant(s)    R. Dugger, T. Barton, and L.E. Turner

2) Court: Second Judicial Circuit, Leon County, State of Florida

3) Docket Number: 91-1683

4) Name of Judge: Hall

5) Briefly describe the facts and basis for lawsuit: alleged unlawful censorship of photographic material in violation of 1st/14th Amendment; challenge to statutory provisions

6) Disposition: summarily dismissed upon finding that statute was constitutional. Plaintiff appealed, but judgement affirmed in published opinion (1st DCA, Florida)

7) Approximate date of filing: March 1991

8) Approximate date of disposition: June 1992 (?)


1) Parties to previous lawsuits:

    Plaintiff(s) _____

    Defendant(s) _____

2) Court: _____

3) Docket Number _____

4) Name of Judge: _____

5) Briefly describe the facts and basis for lawsuit: _____

_____

6) Disposition: _____

_____

7) Approximate date of filing: _____

8) Approximate date of disposition: _____

5 (f)

County of Bradford
State of Florida
‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾ ‾

## Affidavit/Declaration of Michael Lambrix

I, Michael Lambrix, do hereby attest to and so declare the following facts to be true and correct under penalty of perjury;

A) I am the original Plaintiff in the instant* civil rights* action brought before this Court pursuant to 42 USC § 1983. As such, I understand that I have a statutory obligation to provide this Court with sufficient information pertaining to all previous civil actions. In the proceeding pages, numbered 5(a)-(f), I have done so in good faith and to the best of my ability, revealing without reservation all information relating to prior civil actions that I retain knowledge of;

B) Excluded from the above inventory of prior actions are several state court "Petition for Writ of Mandamas" used to compel compliance with applicable nondiscretionary statutory provisions, each filed decades ago and all records of such actions have long ago been lost and/or destroyed.

C) To the best of my knowledge, at no time has any state or federal court ever dismissed an action initiated by myself as "malicious" or "frivilous", and at all times did I strive to pursue all prior civil actions in good faith with a belief that a legitimate cause of action was properly stated;

D) As a prisoner who has been held in continuous segregated confinement for over 33 years, my ability to retain all prior records is extremely limited due to storage space. I have made every good faith effort to identify all state and federal actions previously pursued and believe that I did do so;

Whereas, and upon, I do hereby attest to and so declare these facts to be true and correct under penalty of perjury;

Signed: Michael Lambrix

Dated: August 01, 2017

5 (g)

No prior action has been dismissed as "frivolous" or "malicious", but several
(I believe two) were dismissed for "failure to state cause of action" at least
twenty years ago. Please see attached "affidavit" (incorporated herein), as
attached as Page 5(g) (incorporated in its entirety herein by instant reference)

V.   PARTIES:  In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: Michael Lambrix, DOC #482053

Mailing address: Florida State Prison

P.O. Box 800 (G-dorm)  Raiford, Fla. 32083-0800

B.   Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant:  Julie Jones, Secretary

Mailing Address: Florida Dept. of Corrections

501 South Calhoun Street, Tallahassee, Florida 32399-2500

Position:  Secretary, FDOC

Employed at:  Florida Dept. of Corrections

D.   Defendant:  Thomas Reimer, Director, Health Services

Mailing Address: Florida Department of Corrections,

501 South Calhoun street, Tallahassee, Florida 32399-2500

Position:  Director, Health Services

Employed at:  Florida Department of Corrections

E. Defendant: Barry Reddish

Mailing Address: Florida State Prison

P. O. Box 800   Raiford, Florida  32083

Position: Warden

Employed at: Florida State Prison

F. Defendant: Jeffery McClellon

Mailing Address: Florida State Prison

P. O. Box 800, Raiford, Florida  32083

Position: Asst. Warden/ A.D.A. Coordinator

Employed at: Florida State Prison

G. Defendant: S. Alvarez

Mailing Address: Florida State Prison

P. O. Box 800   Raiford, Florida  32083

Position: Chief Medical Officer

Employed at: Florida State Prison

H. Defendant: Corizon   (private contractor for medical care)

Mailing Address: 103 Powell Court

Brentwood, Tennessee   37027

Position: private contracted corporation providing medical services

Employed at: corporate headquarters  (address above)

I) Defendant: Centurion of Florida, LLC (private contractor)

Mailing Address: 1203 Governor's Square Blvd, Suite 600)

Tallahassee, Florida   32301

Position: privately contracted corporation providing medical services

Employed at: corporate headquarters  (address above)

DC 225 (Rev. 9/03)

7

VI.   <u>STATEMENT OF CLAIM</u>:  State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

① Plaintiff submits cause of action is established by deliberate indifference to medical care in violation of the Eighth and Fourteenth Amendments

② Plaintiff submits cause of action is established by deliberate and systemic violations of the American With Disabilities Act and the 14th Amendment

③ Plaintiff submits cause of action is established under the Due Process Clause (14th Amend) for violations of statutorily imposed duties/responsibilities

VII.   <u>STATEMENT OF FACTS</u>:  State as briefly as possible the FACTS of your case. Describe how each defendant was involved.  <u>Do not make any legal arguments or cite any cases or statutes.</u>  State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

   * Plaintiff invokes exemption to any restrictions imposed by the P.L.R.A. and/or § 1915, as the facts establish an IMMINENT and continuous threat to Plaintiff's physical well being and safety *
                    * Preliminary Facts *

   a) As the facts and evidence will show, Plaintiff has done all possible to avoid the necessity of bringing the instant civil action. This action is now brought only as a last resort due to the defendants refusal to comply with both established Constitutional and Statutory law

   b) It is an indisputable fact that Plaintiff, Michael Lambrix (hereinafter

Statement of Facts, continued:

"Plaintiff") is an honorably discharged and legally recognized "disabled Veteran" as recognized by numerous qualified physicians and reflected in numerous decisions rendered by quasi-judicial tribunals of the Department of Veterans Affairs, in 1978 Plaintiff suffered a substantial physical injury while assigned to a training battalion at Fort Sill, Oklahoma;

c) As a direct result, Plaintiff became permanently physically disabled, consistently diagnosed as suffering from "Degenerative Disk Disease" and partial paralysis (lumbar radiculopathy) of both the left and right extremity. Plaintiff has consistently experienced chronic and often excruciating and debilitating physical pain which is substantially worse if/when Plaintiff must shift his bodily weight to one leg such as when attempting to step over obstacles or go up/down stairs;

d) Although continuously incarcerated within the Florida Dept of Corrections since March 1984, on numerous occasions either through, or collaterally related to the Department of Veterans Administration (and/or relevant to establishing the extent of Plaintiffs physical disability) qualified medical experts have come to the prison to conduct physical examinations of Plaintiff;

e) In June 2010 privately retained neurologist Dr. Thomas M. Hyde conducted a physical examination of Plaintiff at Florida State Prison, concluding that Plaintiff exhibited evidence of "absent deep tendon reflexes at the ankles bilaterly, muscle spasm in the lumbar-sacral region bilatrely.. (and) has suffered debilitating pain... consistent with chronic lower back pain secondary to post-traumatic degenerative changes in the lumbar-sacral spine with probable nerve root

Statement of Facts (cont)

impingement" Dr. Hyde characterized this as "due to spinal cord or lumbar-sacral nerve root impingement from his lower back injury...most likely due to lumbar-sacral nerve root impingement from degenerative changes in the lower vertebral column... muscle spasm in the lumbar-sacral region... and limited range of motion"

f) In October 2014 a certified examiner from the Dept of Veterans Affairs came to the prison and conducted a comprehensive physical examination, which reflected substantial limitations, consistent with other expert medical opinions (ie, "pain beginning at 50 degrees, extension to 20 degrees where pain began; ect)

g) Subsequently, in April 2015 Dr. Frank Polanco, a specialist in spinal disabilities, conducted a physical examination of Plaintiff, which recognized "decreased deep tension reflexes at the knees and absent deep tendon reflexes at the Achilles areas" with specific findings of "progressive" degenerative disk disease and partial paralysis (left and right lumbar radiculopathy), with a history of chronic and debilitating physical pain, and excruciating muscle spasms.

h) At no time has the defendants referred Plaintiff for their own consultation- nor have Plaintiffs disputed the well documented history of chronic physical pain and debilitating muscle spasms. In fact, in May 2016 the defendants did have an 'M.R.I.' done on Plaintiff, which revealed "bulging discs" in three (3) separate, consecutive spinal segments (L3/4, L5/6, S1/L5) substanting Plaintiffs reported history of degenerative disk disease and chronic pain;

i) Collectively, these indisputable facts supported by unconflicted medical prognosis leave no question that Plaintiff does suffer from a substantial physical disability (degenerative disk disease with partial paralysis). That any competent medical provider would know causes chronic and debilitating physical pain and muscle spasms, as well as substantially limits Plaintiffs ability to

Statement of Facts (cont)

navigate obstacles and participate in physical/recreational activities

j) Plaintiff has repeatedly brought these facts and medical evidence to the attention of the Defendants - and the Defendants have never disputed these facts, or produced any contradictory evidence. Further, numerous quasi-judicial decisions by the Board of Veterans Appeals recognize the above evidence and facts. See eg. In re Appeal of Michael Lambaix, Board of Veterans Appeals, Docket No. 08-19 233 (decision rendered on February 8, 2016)

**II) Deliberate Indifference To Necessary Medical Care**

k) Despite the virtual wealth of overwhelming and undisputed evidence that Plaintiff does suffer from Degenerative Disk Disease and partial paralysis that causes chronic and often debilitating physical pain and excruciating muscle spasms, as the attached "grievances" show, although Defendants do recognize that Plaintiff suffers from chronic pain and muscle spasms, repeatedly, for weeks and even over a month at a time, Defendants will allow prescribed medication intended to help manage the physical pain and muscle spasms expire and despite Plaintiff's full compliance with "sick call" protocol, Defendants will take no action until after Plaintiff has initiated formal "medical grievances". See composite Exhibit A (grievances pertaining to "deliberate indifference" to medical needs)

L) It must be strenuously emphasized that this is NOT an isolated incidence of denying Plaintiff the necessary medication to help manage the physical pain and muscle spasms - but repeatedly occurs at least once every 60 days, then leaving Plaintiff to suffer extreme physical pain for weeks, and even months at a time. And when Plaintiff is finally seen by the doctor, then the pain medication is renewed. However, for at least a year now the Defendants have refused to renew the medication necessary to manage the muscle spasms.

Statement of Facts (cont)

M) The collective evidence shows that the Defendants knowingly and deliberately refuse to provide Plaintiff continuous treatment by prescribing Plaintiff medication for 30 to 60 days at a time, then forcing Plaintiff to go without necessary any medication to manage the physical pain for weeks, even months at a time. The evidence will establish that under the facts stated above, the Defendants did know, or reasonably should know, that denying Plaintiff the necessary medication to manage the chronic physical pain and excruciating muscle spasms do force Plaintiff to suffer extreme and debilitating physical pain for prolonged periods of time.

N) Further, the evidence will show that the privately contracted health care providers ("Corizon" and subsequently "Centurion")[1] have a history of denying adequate medical care for no other purpose but to increase profits at the expense of allowing prisoners to suffer, and that Defendants Jones, Reimers, Reddish, Mc-Clellan and Alvarez effectively facilitate this deliberate denial of adequate medical care by refusing to perform their statutory and constitutional duty to ensure that adequate medical care is provided, as reflected by the "grievances";

### III) Violations of the American's With Disabilities Act

O) As stated above, there is no question that as a legally recognized "disabled Veteran", indisputably suffering from degenerative disk disease and partial paralysis that substantially limits Plaintiff's mobility and substantially impairs the ability to engage in "normal" physical activity, there can be no question that Plaintiff is entitled to protection under the Americans with Disabilities Act ("ADA");

Footnote 1: As this Court is presumably aware, as privately contracted medical care providers, named defendants "Corizon" and "Centurion" are acting under color of state.

12

Statement of Facts (Cont.)

P) Named Defendant Asst. Warden J. McClellan is the designated "A.D.A. coord-inator" at Florida State Prison. As such, Def. McClellan is responsible for ensuring that proper and legally required modifications and/or accomodations are made available or otherwise provided to those suffering from physical disabilities. Defendants Reddick, Ramers and Jones are statutorily responsible for ensuring that Defendant McClellan performs his duties as required by law;

Q) As the evidence will show ②, Def. McClellan has no formal medical training necessary to properly carry out these duties, and has consistently failed to perform his duties as "A.D.A. Coordinator" in a competent manner. Repeatedly, Def. McClellan's failure to take proper and legally required action has been brought to the attention of above named Defendants, who each have also simply refused to perform their duties as required by law;

R) Specifically, as evidenced by the attached composite Exhibit B (grievances addressing numerous instances in which A.D.A. requirements are not met) Def. McClellan has consistently refused to compel compliance with A.D.A. require-ments, resulting in Plaintiff being housed in an enviornment that creates very real and imminent threat to Plaintiffs physical safety and well-being;

S) Primarily, as the evidence will show, although initially Def. McClellan did recognize Plaintiffs eligibility for A.D.A. protections and ordered structural modifications to one shower stall, as well as ordering Plaintiff to be "front-cuffed" so that Plaintiff can use handrails when going up/down the stairs

Footnote 2: Plaintiff specifically invokes his right to pursue and obtain "discov-ery" as a means of obtaining evidence supporting the allegations pled herein, in-cluding production of Documents, Interrogatories, Admissions, ect.

13

Statement of Facts (cont)

that lead to/from the only available recreation yard, Dr. McClellan subsequently and for no rationale reason, retracted "ADA" recognition; plaintiff did pursue grievances to both FSP Warden and FDOC Secretary to no avail;

T) There are two primary issues relevant to this claim - the refusal to properly modify the shower. Although defendants did engage in a deliberate pretense of structural modification by simply knocking out part of a concrete barrier inside one shower stall, and install only one handrail, defendants have refused to remove the remainder of the concrete barrier; refused to modify an approx 6" step up into the shower, refuse to install handrails on all 3 sides of the shower stall and refused to install proper equipment necessary to accommodate physically disabled persons as required by Federal law;

U) As a result, to enter or exit the shower, Plaintiff must attempt to hold on to the security bars while handcuffed, which are often wet and slippery, while at the same time stepping up that approx 6" concrete ledge. Only once in the shower and the door securely locked are the handcuffs removed. Then Plaintiff must navigate an approx 14" high concrete portion with only an approx. 12" opening while attempting to hold on to the single handrail. On numerous occasions Plaintiff has almost fallen - and absent proper modification it is inevitable that Plaintiff - or other physically disabled inmate - will fall and suffer physical injury;

V) The second substantial A.D.A. issue pertains to the ability to access the only available outdoor recreation yard. As provided above and substantiated by undisputed medical evidence, Plaintiffs unique physical disability significantly impedes Plaintiffs ability to navigate obstacles such as stairs or step-ups. But the only way to access the recreational yard at Florida State Prison is to go up/down a full flight of concrete stairs while handcuffed. Not only

14

Statement of Facts (cont.)

does being forced to go up/down stairs cause Plaintiff to suffer extreme physical pain, but this process subjects Plaintiff to substantial risk of falling down the stairs and suffering physical injury or even death;

W) As the evidence will show (see also, composite Exhibit E), the Defendants have previously acknowledged that Florida State Prison is NOT equipped to house physically disabled prisoners and that Plaintiff should not be housed at FSP. See grievance log # 1407-205-069). But without rational cause or legitimate reason, Plaintiff has continued to be housed at FSP since being placed on "Phase III" death watch in February, 2016;

X) When Plaintiff did relitigate formal grievances (see grievance log # 1609-205-003, Dept appeal log # 16-6-42454) suddenly after YEARS of recognizing Plaintiffs status as a physically disabled person entitled to ADA protection, the Defendants decided - despite the overwhelming evidence - that Plaintiff is " not listed as an inmate with ADA status"

Y) This outrageous refusal to recognize Plaintiffs A.D.A. status illustrates the necessity of judicial intervention. Defendants do not and cannot deny Plaintiffs well-documented physical disability. Rather, Defendants decision to simply state that Plaintiff " is not listed as an inmate with ADA status" reflects an intent to deny Plaintiff protections entitled under the Americans With Disabilities Act."

Z) By refusing to now recognize Plaintiffs Adult status and transfer Plaintiff to a facility designed to accommodate those with physical disabilities, Plaintiff is not able to participate in outdoor recreation due to the stairs. It must be noted that the death row unit at Union Correctional is designed to house physically disabled prisoners and Plaintiff was housed at UCI for about 18 years and there is no legitimate reason Plaintiff cannot be moved back to U.C.I.;

Statement of Facts (cont.)

Plaintiff further asserts that it is the collective circumstances of both the Defendants repetitious refusal to consistently provide necessary medical care (i.e. provide continuous, uninterrupted treatment for Plaintiffs chronic physical pain and excruciating muscle spasms) and the refusal to recognize Plaintiffs entitlement to protection and accomodation under the American's with Disability Act ("A.D.A.") that substantially escalates each condition.

Specifically, without proper structured modifications of both the shower and access to recreational yard, Plaintiff must engage in physical activity (i.e. step up over obstacles in shower and go up/down stairs) while hand-cuffed, which by forcing Plaintiff to shift body weight, it triggers substantial physical pain — and without being provided any form of medication to manage that excruciating physical pain, Plaintiff will and does suffer for days at a time and is often unable to physically function;

Plaintiffs allegations as set forth above are substantiated by the evidence. Plaintiff cannot attach all relevant documentary evidence that supports the causes of action presented as it cummulative nature of all relevant evidence is too voluminous.

Plaintiff specifically asserts the right to pursue relevant "discovery" prior to any dispositive factual determination of the issues, and requests leave to amend this complaint if and when additional facts and evidence warrant amendment, including presentation of additional "causes of action" as may be warranted.

Plaintiff further moves this Court for an expedited hearing to address necessity for Injunctive Relief to compel immediate compliance with applicable Federal and Constitutional law consistent with this action.

VIII.   <u>RELIEF REQUESTED:</u>   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

① Plaintiff seeks/demands a Jury Trial on all issues subject to factual determination

② Plaintiff seeks general/compensatory damages for physical pain and suffering in an amount of not less than $10,000, to be determined by Jury

③ Plaintiff seeks punitive damages imposed upon each defendant individually in the amount of not less than $25,000, to be determined by Jury

④ Plaintiff seeks Injunctive Relief, to be pursued by separate motion

⑤ Plaintiff seeks all other forms of relief consistent with applicable law and evidence

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this __18th__ day of __July__ , 20__17__ .

Michael Fanbox

_____

_____

_____

(Signatures of all Plaintiffs)